Filed 6/9/21  P. v. Martinez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO PERALTA MARTINEZ,<br><br>    Defendant and Appellant. | A161482<br><br>(Humboldt County<br>Super. Ct. No. CR1805767A) |

Defendant Pedro Peralta Martinez was sentenced to two years in state prison following his plea of guilty to one count of unlawful possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), and one count of possession of a controlled substance for sale (Health & Saf. Code, § 11378). Defendant's appointed attorney has submitted a brief in accord with *People v. Wende* (1979) 25 Cal.3d 436 and advised defendant of his right to submit a supplemental brief, which defendant has not done. This court's review of the record disclosed no issues warranting further briefing.

## Background

Following a preliminary hearing, defendant was charged by information with two counts of possession of a controlled substance for sale (Health & Saf. Code, § 11378), two counts of transportation of a controlled substance for sale (Health & Saf. Code, § 11379, subd. (a)), one count of felony child abuse (Pen. Code, § 273a, subd. (a)), one count of unlawful possession of

1

an assault weapon (Pen. Code, § 30605, subd. (a)), two counts of unlawful possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), and one count of unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1)). The complaint alleged numerous enhancements, including that defendant possessed for sale more than 28.5 grams of methamphetamine in violation of Penal Code section 1203.073, subdivision (b)(2). One count of unlawful possession of a controlled substance and one count of transportation of a controlled substance for sale were dismissed prior to entry of defendant's guilty plea.

In January 2020, in exchange for the dismissal of the remaining charges, defendant pled guilty to one count of unlawful possession of a firearm and to one count of unlawful possession of methamphetamine and admitted the weight enhancement. Defendant was advised that the maximum time of imprisonment under the admitted charges was three years eight months.

In October 2020, after consideration of the report of the probation officer, the court sentenced defendant to the low term of 16 months in state prison for the firearm offense and to a consecutive term of eight months for the controlled substance offense. The court imposed a $600 restitution fine (Pen. Code, § 1202.4, subd. (b)), an $80 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $60 criminal conviction assessment (Gov. Code, § 70373) and imposed and stayed a $600 revocation restitution fine (Pen. Code, § 1202.45). The court found that defendant did not have the ability to pay the booking fee (Gov. Code, § 29550.2, subd. (a)),the probation investigation fee, (Pen. Code, § 1203.1, subd. (b)) or the revenue recovery charge for his court appointed attorney. The court awarded eight days of presentence custody and conduct credit.

Defendant timely filed a notice of appeal.

## Discussion

The record reflects a factual basis for defendant's plea: On November 26, 2018, the Humboldt County Sherriff's Office executed a search warrant on defendant's residence and vehicles and recovered a total of 11.96 ounces of methamphetamine, indicia of sales and numerous firearms with ammunition.

Defendant was properly advised before entering his plea and stipulating to a factual basis for the plea.

The two-year sentence imposed by the court is consistent with the terms of his plea agreement.

The record does not expressly indicate that the court determined defendant's ability to pay with respect to the restitution fine or court operations and criminal conviction assessments. We assume, however, based on the court's express finding that defendant was unable to pay other fees, that the court implicitly reached a contrary conclusion with respect to the fine and assessments imposed. Alternatively, defendant forfeited any objection by failing to raise the issue before the trial court. (See *People v. Cowan* (2020) 47 Cal.App.5th 32, 48, review granted June 17, 2020 (S261952) ["a sentencing court may not impose . . . restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay"].)

Accordingly, we affirm the judgment.

## Disposition

The judgment is affirmed.

                                        POLLAK, P. J.

WE CONCUR:
STREETER, J.
TUCHER, J.